NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHNSON NIWAGABA,

          Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No. 18-73102

Agency No. A213-020-126

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2021[**]
San Francisco, California

Before: McKEOWN, IKUTA, and BRESS, Circuit Judges.

Johnson Niwagaba, a citizen and national of Uganda, petitions for review of

a decision by the Board of Immigration Appeals ("BIA") affirming the denial by

an Immigration Judge ("IJ") of his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT"). The parties are

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

familiar with the facts, so we do not repeat them here. We have jurisdiction under 8 U.S.C. § 1252, and we remand to the BIA for further consideration.

Niwagaba challenges the agency's adverse credibility determination on several grounds. The government requests remand in all respects. First, Niwagaba argues that the agency's conclusion that Niwagaba's testimony was "rehearsed and memorized" and not "genuine" is unsupported by the record, because Niwagaba was not fluent in English, waived his right to proceedings in his native language as he was afraid of encountering an interpreter who might know his clan back home, and represented himself pro se. The government concedes that "there are many reasons why an applicant may memorize a statement even if it is true," and requests remand to "allow the agency to specify the basis of its holding" since the BIA "did not explain whether it also agreed that [Niwagaba's] demeanor changed when asked to describe events not included in his written statement."

Second, Niwagaba argues that the agency's determination that it was implausible that Niwagaba's mother had the legal authority to sell his land and that she was able to do so in secret is based on speculation and conjecture. Here too the government requests remand, noting that the agency's decisions do not address Niwagaba's explanation of the specific circumstances of the land sale and potential inapplicability of statements in the 2016 Country Report, and stating that remand will allow the agency to clarify its fact-finding.

2

Third, Niwagaba argues that it was similarly speculative for the agency to conclude that it was implausible that Niwagaba would not reveal his past harm and sexual orientation to U.S. officials during a visa interview at the U.S. consulate in Uganda, in light of the record's silence on the specific circumstances of the consular interview and the holding in *Mamouzian v. Ashcroft* that "in order to secure entry to the United States and to escape their persecutors, genuine refugees may lie to immigration officials . . . ." 390 F.3d 1129, 1138 (9th Cir. 2004). The government requests remand for the agency to conduct the proper fact-finding in the correct legal context.

The parties' concerns regarding the adverse credibility determination are well-taken. We agree with the government that a remand is warranted to give the agency an opportunity to fully consider the issues. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) ("[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.")

Niwagaba also challenges the BIA and IJ's alternative findings that, even if credible, he failed to establish his eligibility for asylum, withholding of removal, or CAT protection. The government requests remand for the agency to determine whether "gay men in Uganda" is a cognizable social group, whether Niwagaba established that his membership in such group was "a reason" for the harm he experienced, and the import of Niwagaba's claim that it was the chairman of the

3

local council who targeted him—key considerations that the agency did not address.  We grant the government's request for remand on the credibility determination as well as the alternative merits findings.

**REMANDED**.